**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

SCOTT ANTHONY WHATCOTT, a/k/a
Michael Scott Smith, a/k/a Scott Vasadi,

      Defendant-Appellant.

No. 13-1387
(D.C. No. 1:10-CR-00509-REB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Scott Anthony Whatcott's plea agreement. The

defendant pleaded guilty to bank fraud, wire fraud, making false statements to

financial institutions, and aiding and abetting, in violation of 18 U.S.C. §§ 1344,

1343, 1014, and 2. The maximum statutory sentences applicable to these offenses are

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

30 years for bank fraud and making false statements, 18 U.S.C. §§ 1344, 1014, and 20 years for wire fraud, 18 U.S.C. § 1343. The district court calculated defendant's offense level under the sentencing guidelines as 24 and his advisory guidelines sentencing range as 63 to 78 months' imprisonment. The court imposed a sentence of five concurrent terms of 72 months' imprisonment; concurrent supervised release terms of five years and three years; a $600 special victim's fund assessment; and restitution in the amount of $1,812,642.22. In exchange for defendant's guilty plea, the government dismissed 43 additional counts in the indictment.

In his plea agreement, the defendant stated that he was "aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed." Mot. to Enforce, Attach. 1 (Plea Agreement) at 2. The plea agreement then provides that

> [u]nderstanding this and in exchange for the significant concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction; (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the offense level is greater than 24 and imposes a sentence based upon that offense level determination.

*Id.* at 2-3. "Except as provided above, the defendant also knowingly and voluntarily waive[d] the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742 or any ground whatever." *Id.* at 3.

The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating

- 2 -

a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The defendant's counsel filed a response stating "that the Government's position is correct, and the Defendant waived his right to appeal his sentence, with the exception of the enumerated items. Therefore, the motion to dismiss is confessed." Resp. to Mot. to Enforce at 1.

Our independent review confirms that the requirements for enforcing the appeal waiver have been satisfied. Accordingly, we grant the motion to enforce and dismiss the appeal.

Entered for the Court
Per Curiam
